UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------------------------x
DAVID PRICE,                                     :
an individual,                                   :    CASE NO.:
                                                 :
            Plaintiff,                           :
                                                 :
vs.                                              :
                                                 :
RICHARDS CLEARVIEW L.L.C.,                       :
a Louisiana Limited Liability Company,           :
                                                 :
                                                 :
            Defendant.                           :
-----------------------------------------------------------------x
```

## COMPLAINT

Plaintiff, DAVID PRICE, by and through his undersigned counsel, hereby files this Complaint and sues RICHARDS CLEARVIEW, L.L.C., a Louisiana Limited Liability Company, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DAVID PRICE, (hereinafter referred to as "MR. PRICE" or "PLAINTIFF"), is a resident of Jefferson Parish, Louisiana.

4. MR. PRICE is a qualified individual with a disability under the ADA. MR. PRICE was injured in a motorcycle accident and is paralyzed from the waist down. MR. PRICE is a T11

1

complete paraplegic and uses a wheelchair for mobility.

5. Due to his disability, PLAINTIFF is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, Defendant RICHARDS CLEARVIEW, L.L.C., a Louisiana Limited Liability Company registered to do business in the State of Louisiana (hereinafter referred to as "DEFENDANT"), is the owner, lessee, lessor and/or operator of the real properties and improvements which is the subject of this action, to wit: "Clearview Mall," located at 4436 Veterans Blvd., Metairie, LA 70006. The DEFENDANT is obligated to comply with the ADA.

7. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. PLAINTIFF realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9. The Property, a shopping mall, is a public accommodation, subject to the ADA, located at: 4436 Veterans Blvd., Metairie, LA 70006.

10. MR. PRICE has visited the Property numerous times and plans to visit the Property again in the near future.

11. During these visits, MR. PRICE experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of this Complaint.

12. MR. PRICE continues to desire to visit the DEFENDANT'S Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. PRICE intends to and will visit the DEFENDANT'S Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

14. DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against PLAINTIFF due to, but not limited to, its failure to remedy, *inter alia,* the following violations:

    A. inaccessible disabled use parking throughout the Property which is located on a slope and is unsafe for a person in a wheelchair;

    B. inaccessible disabled use parking throughout the Property due to faded parking lines, improperly sized parking spaces, and inadequate signage;

    C. inaccessible curb cuts from the designated accessible parking area to the entrances at the Property due to steep long slopes, steep side flares, and failure to provide a smooth transition where the ramps connect with the sidewalk and roadway;

    D. inaccessible restrooms at the Property;

    E. inaccessible sidewalks and walkways on the exterior of the Property due to excessive slopes and cross slopes, and pavement which has gaps and changes in level; and

    F. inaccessible service and payment counters in tenant spaces due to excessive heights.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of DEFENDANT'S ADA violations. PLAINTIFF requires an inspection of the DEFENDANT'S place of public accommodation to photograph and measure all of the discriminatory barriers to access in violation of the ADA.

16. Furthermore, DEFENDANT continues to discriminate against PLAINTIFF, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

18. Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, easily accomplished, and would not place an undue burden on DEFENDANT.

19. Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

20. Independent of his intent to return as a patron to the Property, PLAINTIFF additionally

intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action. PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court Declare that the Property owned, leased and/or operated by DEFENDANT is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing DEFENDANT to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities for a reasonable amount of time, allowing implementation and completion of corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to PLAINTIFF; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

                              Respectfully Submitted,

                              KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322


Fax: (305) 891-4512

By: _____
KU & MUSSMAN, P.A.
Attorney for Plaintiff
Georgianne Sims, Esq.
Of Counsel
936 Louisiana Avenue
New Orleans, Louisiana 70115
Tel: (504) 495-5542
Email: georgianne.sims@gmail.com
LA Bar ID No.: 27879